Zeitchick Estate, to use, Appellant, v. Zeitchick.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leonard B. Rosenthal,* with him *Abrahams & Lowenstein,* for appellant.

*Paul Yermish,* for appellee.

OPINION BY HOFFMAN, J., September 11, 1969:

This matter arose before the lower court upon defendant's preliminary objections to a writ of attachment execution. The lower court sustained the preliminary objections and dissolved the writ. Thereafter, plaintiff filed an appeal to our court.

The relevant facts, as they appear in the record, are as follows:

Plaintiff obtained a judgment against defendant Milton Zeitchick and issued a writ of attachment execution against Metropolitan Life Insurance Company (hereafter called Metropolitan) as garnishee, attaching certain specific insurance policies on the life of defendant's deceased father. These policies provided for periodic payments to defendant under a plan elected by his father during his lifetime.

Plaintiff served interrogatories upon the garnishee, Metropolitan, in accordance with the procedures set forth in Pa. R. C. P. No. 3142, and Metropolitan filed answers thereto.

Subsequently, defendant filed preliminary objections to the writ of attachment alleging that the property was exempt from execution by reason of a spendthrift clause contained in the insurance policies.[1] Plaintiff filed an answer to the objections alleging that there was no spendthrift clause prohibiting the attachment of proceeds and, therefore, that the policies were not exempt.

The petition and answer of the parties, therefore, raised a specific question of fact relating to the existence of a spendthrift clause in the policies. Nevertheless, depositions were never taken in this case, nor were the insurance policies attached to the pleadings by either party. Despite the absence of this information, however, the lower court found that the policies did contain a spendthrift clause by referring to the garnishee's answers to interrogatories.

The lower court stated: "The answers to the interrogatories averred that, pursuant to the insurance policies attached, decedent during his lifetime entered into a Supplementary Contract with Metropolitan elect-

---

[1] It should be noted that under Pa. R. C. P. No. 3142 the defense of immunity or exemption of property from execution is properly raised by preliminary objection.

ing an optional mode of payment. The answers to the interrogatories further stated that defendant was a beneficiary entitled to periodic payments, but that: '. . . the Supplementary Contract provides that the payee may not assign, transfer or encumber this contract or any payment thereunder and to the extent permitted by law, the amount retained by the Company and any payments thereunder shall not be subject to the claims of any creditor of any payee, nor to execution or other legal process on behalf of any creditor of any payee.' "

A careful review of the record reflects, however, that the actual language contained in the insurance policies was never made part of the record. The only reference to the spendthrift clause is contained in the answers to interrogatories which, apparently, merely paraphrase the language of the policies themselves. The court based its finding of fact as to the existence of such spendthrift clause, and its applicability in this case by reliance on this answer. We believe that the court by so doing erred. Spendthrift clauses must always be examined carefully to ascertain whether they afford the protection intended by their use. *Riverside Trust Co. v. Twitchell,* 342 Pa. 558, 20 A. 2d 768 (1941).

Since the parties by their pleadings raised the issue of fact directly, we believe that it was incumbent upon the court first to review the policies themselves before making any findings of fact. Pa. R. C. P. No. 1028(c) provides for the taking of depositions, in ascertaining such facts. We conclude, therefore, that the matter should be remanded to the lower court for consideration of whether such a spendthrift clause was found in the policies and, if so, whether the language contained applies in this case.

In remanding this case we express no opinion, nor make any decision, regarding the protection afforded

110

by a spendthrift clause to this defendant, where the judgment against him arises from a surcharge imposed upon him for breach of his fiduciary duties as administrator of the estate of the decedent who drew the spendthrift clause. Nor do we consider the effect of a Second Supplementary Contract executed by the defendant. Each of these issues, and others raised by the parties, should first be considered by the lower court in light of its investigation as set forth in this opinion.

Judgment vacated and record remanded for further proceedings consistent with this opinion.