**In the Matter of James Russell FERWERDA, Bankrupt.**

**James Russell FERWERDA, Appellant,**

**v.**

**William Urban ZIEVERS, Trustee, Appellee.**

**No. 18038.**

United States Court of Appeals,
Seventh Circuit.

April 3, 1970.

**1132**

Francis X. Krembs, Milwaukee, Wis., for appellant.

William Urban Zievers, Kenosha, Wis., for appellee.

Before HASTINGS, Senior Circuit Judge, CUMMINGS, Circuit Judge, and DILLIN, District Judge.[1]

HASTINGS, Senior Circuit Judge.

The district court affirmed an order of the referee in bankruptcy which in effect disallowed the bankrupt's claim that certain deposits made by him under a retirement plan were exempt from the operation of the federal Bankruptcy Act.[2] The bankrupt appeals. We affirm.

The bankrupt, James Russell Ferwerda, is a physician and surgeon engaged in the practice of ophthalmology in Kenosha, Wisconsin. His voluntary petition and schedules were filed in the United States District Court for the Eastern District of Wisconsin. The proceeding was referred to the Honorable James E. McCarty, Referee. William Urban Zievers qualified as trustee.

In Schedule B–5, the bankrupt claimed deposits of $6,346.01 made by him under the American Medical Association Members' Retirement Plan (the Plan) were exempt by the laws of the United States and the laws of the State of Wisconsin. The parties now concede and agree that there is no applicable federal law under which the subject deposits could be allowed as exempt, and that the question must be determined under Wisconsin law.

The bankrupt contends that his deposits under the Plan are exempt by virtue of Section 272.18(31) of the Wisconsin

1. Judge Dillin is sitting by designation from the Southern District of Indiana.

2. The applicable provisions of the Bankruptcy Act are Section 6, 11 U.S.C.A. § 24 and Section 70, 11 U.S.C.A. § 110. The relevant parts are as follows:
   "§ 24. Exemptions of bankrupts
   This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State Laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State; * * *."
   "§ 110. Title to property
   (a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * *."

Statutes (1967).[3] This statute exempts from execution, and prohibits voluntary transfers of, any person's interest in an "employes' trust" defined as "any trust created by an employer as part of a retirement or pension plan * * * for the exclusive benefit of some or all of his employes * * * provided that it is impossible * * * for any part of the corpus or income to be * * * diverted to purposes other than for the exclusive benefit of such employes * * *."

■ The bankrupt here is a self-employed physician and not an "employee" in the usual sense of being *employed by another*. Funk & Wagnalls New Standard Dictionary of the English Language (1942); Webster's Third New International Dictionary (1957); The Random House Dictionary of the English Language (1967); and The American Heritage Dictionary of the English Language (1969). He nevertheless claims that his interest in the Plan is within the exemption provided by the Wisconsin statute for the reason that the Plan defines "employee" to include self-employed "owner-employees."

The Plan was drawn by the AMA to meet the requirements of the "Self-Employed Individuals Tax Retirement Act of 1962," commonly known as the "Keogh Act," P.L. 87–792, 76 Stat. 809, 26 U.S. C.A. § 401 *et seq.* Under the Act, self-employed individuals are treated as "employees" under qualified retirement plans and are eligible for certain tax benefits. The bankrupt, however, makes no claim of exemption under this federal act, and its provisions cannot affect the meaning of the term "employe" in the Wisconsin statute under consideration, which was first enacted in 1947.

The bankrupt may well qualify as an "employee" under the broader definition used in the Plan to meet Keogh Act requirements. However, the Plan is essentially a private contract between the bankrupt and the AMA which can have no controlling effect on the meaning of a term as used in the statutes of Wisconsin. It is our opinion that when the Wisconsin legislature enacted Section 272.18(31) it had in mind the normal meaning of the term "employe" which does not include the "self-employed." The bankrupt has not shown any legislative intent to use the term with other than its ordinary and accepted meaning. Thus we conclude that the bankrupt's interest under the Plan is not exempted from the operation of the federal Bankruptcy Act by Wisconsin law. The Wisconsin legislature could have enacted such an exemption but has not done so.

■ The bankrupt raises a second issue for the first time on this appeal. He contends that, regardless of their exempt status, these deposits are not property to which the trustee acquired title by virtue of Section 70a of the Bankruptcy Act, 11 U.S.C.A. § 110(a), *supra.* The basis for this contention is the as-

3. Section 272.18(31) provides in relevant part:

"Section 272.18 Property exempt from execution

* * * * *

(31) Employe retirement benefits (a) The term 'employes' trust' * * * shall mean any trust created by an employer as part of a retirement or pension plan * * * for the exclusive benefit of some or all of his employees * * * to which contributions are made by such employer, or employes, or both, for the purpose of distributing in accordance with such plan to such employes * * * the earnings or the principal, or both earnings and principal, of the trust fund, provided that it is impossible under the trust instrument at any time prior to the satisfaction of all liabilities with respect to employes and their dependents and beneficiaries under the trust, for any part of the corpus or income to be at any time used for or diverted to purposes other than for the exclusive benefit of such employees, or their dependents or beneficiaries. * * *.

* * * * *

(c) The interest of any person in any employes' trust * * * shall not be subject to any garnishment, attachment, execution, sequestration, levy or any other legal or equitable process and no assignment of any such interest, pension or other benefit shall be valid or recognized.

sertion that the bankrupt had no right to transfer or withdraw his interest in the Plan before he filed his petition in bankruptcy.[4] Since this issue was not raised before the referee or the district court, we deem it inappropriate to reach and determine it on this appeal. It appears that it would be appropriate to raise such question in any subsequent turnover proceeding concerning the bankrupt's interest in the Plan.

Simply stated, we agree with the referee and the district court that the bankrupt's claimed exemption does not fall within the purview of the appropriate Wisconsin statute.

Accordingly, we find no error in the district court's approval of the order under review and its denial of the petition for review is affirmed.

Affirmed.

---

4. Included in Section 70a as property to which the trustee acquired title by operation of law is "(5) property, * * * which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: * * *."