**Delaware Valley Surgical Supply Co., Inc. v.
Geriatric & Medical Centers, Inc.**

*Oscar Spivack*, for plaintiff.
*Victor Wright*, for defendant.

HIRSH, J., January 6, 1972.—This matter is before the court on defendants' preliminary objections to plaintiffs' complaint in equity. The preliminary objections assert that this court has no jurisdiction over defendants. Defendant, Geriatric & Medical Centers, Inc. (Geriatric) is a Delaware corporation registered to do business in Pennsylvania; Laurelview Convalescent Center (Convalescent), Laurelview Equipment Company (Equipment) and Springdale Associates Inc. (Springdale) are wholly-owned subsidiaries of Geriatric. Each of the subsidiaries is a New Jersey corporation not registered to do business in Pennsylvania.

Rule 1028(c) of the Pennsylvania Rules of Civil Procedure provides that "the court shall determine promptly all preliminary objections. *If an issue of fact is raised, the court shall take evidence by depositions or otherwise.*" (Italics supplied.)

In the instant case, where defendants argued that they were not amenable to suit because they were not doing business in the Commonwealth, the taking of evidence by the court before decision was required: Zeitchick Estate v. Zeitchick, 215 Pa. Superior Ct. 106, 257 A. 2d 371 (1969), and Szekely v. Abilene Flour Mills Co., 211 Pa. Superior Ct. 442, 337 A. 2d 242 (1967).

On May 24, 1971 this court, prior to making factual determinations, ordered the parties to take testimony by deposition in accordance with Rule 1028(c) of the Pennsylvania Rules of Civil Procedure.

On June 18, 1971, the deposition of Herman Winderman, an officer of each of the defendants, was taken. He testified that he is chairman of Geriatric, that it is a Delaware corporation registered to do business in Pennsylvania. He stated that Geriatric's principal office was at 1526 Lombard Street until June 16, 1969, at which time it was removed to Sixty-third and Walnut Streets. Mr. Winderman was unable to show that notice had been given to the Department of State that the principal office was changed from 1526 Lombard Street. Mr. Winderman stated that as chairman of Geriatrics, he "occasionally" maintains an office at 1526 Lombard Street and receives mail at that address. Subsequent to June 16, 1969, Geriatric continued to use the stationery that contained the 1526 Lombard Street address.

Mr. Winderman is also president of defendant Springdale, vice president of defendant Convalescent and vice president of defendant Equipment.

All of the defendants maintain active bank accounts at the First Pennsylvania Company in Philadelphia. Herman Winderman signs 95 percent of the checks. Mr. Winderman deposits money into the bank accounts three times per week.

Service was made upon each defendant at 1526 Lombard Street.

Because of the aforementioned facts, we conclude that there are sufficient contacts with Pennsylvania to give us jurisdiction over the corporation. We seek to implement the teaching of our Supreme Court in Wenzel v. Morris Dist. Co. Inc., 439 Pa. 364, 370 (1970):

"In International Shoe Company vs. State of Washington, 326 U.S. 310 (1945), Chief Justice Stone writing for the Court concluded that 'due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' (Id. at p. 316). The issue thus framed requires an 'estimate of the inconveniences which would result from requiring [a foreign corporation] to defend, where it has been sued.' Hutchinson v. Chase & Gilbert, 45 F.2d 139, 141 (2nd Cir. 1930) (L. Hand, J.) That is, are the contacts, ties, and relations which the corporation has with the state in which suit is brought sufficient to make that state an appropriate forum? As the U.S. Supreme Court noted in International Shoe, at p. 319, 'to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are con-

nected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.' "

See also Cecere v. Ohringer Home Furniture Co., 208 Pa. Superior Ct. 138 (1966).

Rule 2180, Pennsylvania Rules of Civil Procedure provides, in pertinent part:

"Rule 2180. Service of Process

"(a) Service of process within the county in which the action is instituted shall be made upon a corporation or similar entity by the sheriff of that county by handing a copy thereof, attested by the prothonotary or sheriff or certified by the plaintiff to be a true copy, . . .

"(2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity."

Generally, if each corporation maintains a bona fide separate and distinct corporate existence, the court is not justified in piercing the corporate veil. However as our Supreme Court has stated in Botwick v. Credit Exchange, Inc., 419 Pa. 65 (1965):

"There is a well recognized exception to these general rules if the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary: Mas v. Orange-Crush Co., 99 F.2d 675; Cutler v. Cutler Hammer Mfg. Co., 266 F.388; United Steelworkers v. Copperweld Steel Co., 230 F.Supp. 383, 388 and cases therein cited."

We hold that service on the subsidiary corporations via service on the parent corporation pursuant to rule

2180(a)(2) was valid under the instant factual situation.

With regard to defendants' objections to venue, we note that the testimony of the chairman of Geriatric as above cited, indicates that Geriatric's principal office was at 1526 Lombard Street, Philadelphia, Pa., until June 16, 1969, at which time it was removed to Sixty-third and Walnut Streets, again in Philadelphia, Pa.

Rule 2179, Pa. R. C. P., governs venue in personal actions against corporations and provides, in pertinent part:

"Rule 2179. Venue

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business."

In view of the fact that we have held that service on these corporations is valid, it is obvious that venue is proper in this county under rule 2179(a)(1)(2).

Accordingly, it is, therefore, ordered that defendants' preliminary objections are overruled with leave to file an answer within 20 days from the date hereof.