**MARINE MIDLAND BANK, Plaintiff,**

v.

**SURFBELT, INC., Techni/Lease Financial, Inc. and John H. Miller, Defendants,**

and

**McKeesport National Bank and Pittsburgh National Bank, Garnishees.**

**Misc. No. 8536, Sur. Civ. A. No. 79–1808.**

United States District Court, W. D. Pennsylvania.

Feb. 16, 1982.

Robert O. Lampl, Pittsburgh, Pa., for Techni/Lease Financial, Inc. and John H. Miller.

Charles P. Falk, Baskin & Sears, P. C., Pittsburgh, Pa., for Bank.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Marine Midland Bank (Bank) recovered a judgment against John H. Miller and others and commenced these execution proceedings. The Bank has garnished Miller's IRA account at the McKeesport National Bank. Miller claims this account is exempt from execution under 42 Pa.C.S.A. § 8124(b)(1)(viii). The Bank opposes Miller's claim contending this exemption cannot be asserted in these proceedings and, in the alternative, if the exemption may be claimed, Miller fails to qualify for the exemption.

The Bank first contends this exemption may not be asserted in these proceedings because the underlying guaranty agreement upon which Miller's liability is premised contained a choice of law provision to the effect that the rights and obligations of the parties were governed by New York law and that New York law provides no exemption for individual retirement funds comparable to 42 Pa.C.S.A. § 8124(b)(1)(viii).

As a general rule exemption laws pertain to the remedy only and the law of the forum governs questions of exemption. *Chicago, Rock Island, & Pacific Railway Co. v. Sturm*, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144 (1899); *Massachusetts Mutual Life Insurance Co. v. Central-Penn National Bank*, 300 F.Supp. 1217 (E.D.Pa.1969); *Caddie Homes, Inc. v. Falic*, 211 Pa.Super. 333, 235 A.2d 437 (1967). The record before this Court is devoid of any evidence that it was the intent of the parties in choosing New York law for their contract that New York

law would also govern questions arising in the satisfaction of a judgment. Therefore this Court concludes Pennsylvania law governs these proceedings.

■ The Bank next contends Pennsylvania's prior exemption law, which did not exempt individual retirement funds, applies to these proceedings. The amendment adding the exemption in question was enacted April 28, 1978 to be effective June 27, 1978. In the interim between enactment and the effective date the Bank and Miller entered into the guaranty. The Bank contends Miller's exemptions should be determined by reference to the law in effect when the guaranty agreement was executed rather than the law in effect when the exemption was claimed.

Consideration of the nature of exemption law as relating to the remedy as distinct from the underlying obligation and the principle that exemption laws are to be liberally construed to effectuate their beneficent purposes suggests that the date of the claim should determine the law to be applied. However the Bank argues that focusing on the date of the claim would give the new exemption a proscribed retroactive effect undermining the Bank's reliance on law in effect at the time the guaranty was executed.

Because of the unique circumstances present in this case, application of the law in effect when the claim was made accomplishes the goal of the General Assembly in granting the exemption without impairing the reasonable expectations of the Bank. As noted, the Bank entered into the guaranty agreement after the new exemption was enacted but before its effective date. To the extent the Bank claims it relied on Pennsylvania's prior exemption law in deciding to advance funds to the principal obligor, it must be charged with knowledge of Pennsylvania's newly enacted law. In granting summary judgment for the plaintiff, Judge Knox observed that Miller was an experienced businessman with some 20 years experience in financial transactions of this nature. Surely no less can be said of the Bank. Thus at the time the guaranty was executed the Bank either knew or should have known that Pennsylvania's newly enacted exemption would place individual retirement funds beyond the reach of judicial process and could not therefore have expected such funds to be available to satisfy a judgment. For these reasons, this Court concludes Miller is not precluded from asserting claims under 42 Pa.C.S.A. § 8124(b)(1)(viii) if he meets the other requirements of the section.

The Bank next raises three arguments which relate to whether Miller qualifies for the exemption: 1) the exemption is limited to persons self-employed on a full-time basis; 2) the exemption is limited to persons self-employed as sole proprietors; 3) Miller has not met the burden of proving his claim.

■ Reading the exemption act as a whole, this Court finds no indication that the General Assembly intended to exclude persons self-employed on a part-time basis or as partners from the exemption granted. However, the act expressly provides that only the amount actually excluded or deducted as retirement funding for federal income tax purposes may be claimed. Therefore unless Miller submits proof of the amount he actually deducted as retirement funding for federal income tax purposes he cannot support his claim. If Miller does submit the required proof, it may be possible for the Bank to challenge the propriety of Miller's deductions, perhaps arguing that if Miller were an active participant in a principal employer's qualified plan or if Miller's partnership had a KEOGH plan, the deduction was improper under I.R.C. § 219.

Having resolved some difficult legal issues, it appears that an evidentiary foundation is lacking to dispose of this matter. The Court believes that it is in the interest of justice to provide a brief period to allow Miller to submit, if he desires, additional proof to support his claim and the Bank to raise appropriate objections.

An appropriate order shall issue.

## ORDER

AND NOW February 16, 1982 in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that the above captioned case is continued pending further order of court.