451 A.2d 555

**Eileen M. SCHMITZ,**

v.

**George F. SCHMITZ, Appellant**

v.

**Provident Life & Accident Insurance Company.**

Superior Court of Pennsylvania.

Argued April 26, 1982.

Filed Oct. 8, 1982.

Stephen Israel, Pittsburgh, for appellant.

Franklyn E. Conflenti, Pittsburgh, for appellee.

Before CERCONE, President Judge, and BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing appellant's preliminary objections to the appellee's attempted garnishment of the cash surrender value of life insurance policies owned by appellant.

The facts involved in the instant case are not in dispute. Appellant, Dr. George F. Schmitz, and appellee, Eileen M. Schmitz, were married on July 30, 1960. Sixteen years later, marital difficulties precipitated appellee to file a complaint for support in the Family Division of the Court of Common Pleas for herself and the couple's three daughters. On March 10, 1976 a consent order was entered by the court which was subsequently modified on July 27, 1976, reducing appellant's support payments. This order was later super-

ceded by a separation agreement entered into between the parties which settled the disposition of mutual property rights, custody of the children and support of both appellee and the children. The marriage ended with the entry of a decree in divorce on November 10, 1976.

Sometime after the final decree of divorce was entered all three children took up residence with their father in San Antonio, Texas. In light of this development, appellant believed that his support obligations to appellee terminated under the separation agreement and he ceased payments. Pursuant to the Separation Agreement, the matter was then submitted to arbitration on July 28, 1978. The arbitrator found that appellant was still obliged to provide support for appellee but reduced the monthly payments. Appellant refused to abide by that decision. On November 16, 1978 appellee filed suit in the Family Division of the Court of Common Pleas to enforce the separation agreement as modified by the arbitrator's award. On February 20, 1979 a default judgment was entered against appellant based upon his failure to answer or otherwise plead to the complaint. A final decree was entered on the default judgment requiring appellant to provide appellee with monthly payments as set forth by the arbitrator's award and to pay over a certain sum due as a consequence of appellant's noncompliance. To recover on the judgment, appellee initiated execution proceedings and garnished the cash surrender value of two life insurance policies owned by appellant. The appellant responded with preliminary objections to the garnishment which the court below dismissed on December 19, 1979. On January 4, 1980 appellee entered judgment against the garnishee, Provident Life and Accident Insurance Company. Thereafter, by agreement of the parties, the order of the court of December 19, 1979 was stayed and a supercedeas was issued pending this appeal.

The sole contention raised by appellant is that the lower court erred in finding that the cash surrender value of the life insurance policies was property which could be

properly subjected to garnishment. We agree and accordingly reverse.

The general rule in a majority of jurisdictions is that the cash surrender value of a debtor's life insurance policy is merely an optional right which cannot be attached or garnished by a judgment creditor. See 37 A.L.R.2d 268.

Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is quite uniformly held by the courts that where the insured has not exercised his option to surrender the policy for it cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings, the general view being that where the surrender option has not been exercised there is no such present fixed liability or existing indebtedness on the part of the insurer to the insured as is requisite to the maintenance of garnishment. *Id.* at 286.

In Pennsylvania, insurance proceeds are specifically exempted from attachment or execution on a judgment under 42 Pa.C.S.A. § 8124(c):

(4) Any amount of proceeds retained by the insurer at maturity or otherwise under the terms of an annuity or policy of life insurance of the policy or a supplemental agreement provides that such proceeds and the income therefrom shall not be assignable.

Appellee argues that since this is a support matter she is not to be considered a judgment creditor and therefore, an exception to the general rule of non-execution on the proceeds of a life insurance policy is applicable. Appellee cites *Commonwealth v. Berfield,* 160 Pa.Super. 438, 441, 51 A.2d 523, 525 (1947) for the proposition that:

The obligation of a husband to support his wife does not arise in contract and is not a debt; the husband's liability is imposed by law as an incident of the marital status. And because of the obligation arising from that status and the legal unity of husband and wife, our appellate courts have held that a wife may look to a fund payable to her husband, however, safeguarded by law or by language of

its creation, from attachment by others. (Citations omitted).

In the instant case we do not believe the *Berfield* language is controlling. It must be emphasized that the parties were divorced. There is no longer a legal unity of husband and wife. The obligation here is imposed more so in contract than as an incident arising from the marital status. An absolute decree of divorce terminates the duty of a spouse to support his or her former spouse. *Watson v. Watson,* 243 Pa.Super. 23, 364 A.2d 431 (1976). Although a separation agreement providing support for a spouse will continue subsequent to a divorce, the obligation is based on a contract. See *Cavazza Estate,* 169 Pa.Super. 246, 82 A.2d 331 (1951). The legal relationship of marriage has been severed.

Therefore, we find that the Schmitz' divorce precludes us from applying policy relevant to the marital status. Appellee must be considered a judgment creditor and thus, under Pennsylvania law, her garnishment of the cash surrender value of the two life insurance policies cannot be allowed.

Order reversed.