**Industrial Valley Bank and Trust Co. v. Rosenfield**

*Jonathan D. Schiffman,* for plaintiff.
*Robert Rosenfield,* for defendant.

GORDON, *J.,* December 12, 1985—This action in equity was instituted by plaintiff, the Industrial Valley Bank & Trust Company (hereinafter bank) seeking to enforce a writ of execution against defendant David M. Rosenfield's Individual Retirement Account (I.R.A.) which defendant had invested with Metropolitan Life Insurance Company (hereinafter Metropolitan). The main thrust of this case centers around the classification of I.R.A.'s for exemption from execution. Plaintiff claims that an I.R.A. is not exempt from execution by a judgment creditor because it does not classify as "certain retirement funds" under Pennsylvania's major exemption statute, Pa.R.C.P. 3252(a). On the other hand, Rosenfield asserts that 42 Pa.C.S. §8124(b)(viii) expressly exempts an I.R.A. from execution.

The proceedings which led up to the present action began on January 7, 1985, at which time the bank confessed judgment against Rosenfield in the Philadelphia Court of Common Pleas in the amount of $117,075.59 and commenced execution proceedings on April 19, 1985 on Rosenfield's I.R.A. Accordingly, on May 16, 1985, the bank entered judgment against Metropolitan as garnishee in the sum of $6,771.26. Thereafter, on May 17, 1985 Rosenfield filed a claim for exemption and a hearing was scheduled for May 28, 1985, at which time de-

fendant failed to appear and the claim was dismissed. Subsequently, the Honorable Abraham J. Gafni vacated his order and relisted the case for a hearing on June 26, 1985, at which time this court heard oral argument on the issue. Pursuant to said hearing, on August 8, 1985, this court dismissed the writ of execution and this appeal followed.

The issue as is presented by this action is: Whether an I.R.A. under Pennsylvania laws is subject to execution by a judgment creditor?

This question is of first impression in Pennsylvania. This court, therefore, must determine if the subject matter comes within the definition of "certain retirement funds" that are classified as major exemptions in accord with Pennsylvania laws. Pa.R.C.P. 3252(a) lists the following items as major exemption from execution:

Major Exemptions Under Pennsylvania and Federal Law

1. $300 is statutory exemption.

2. Bibles, school books, sewing machines, uniforms and equipment.

3. Most wages and unemployment compensation.

4. Social security benefits.

5. *Certain retirement funds* and accounts. (Emphasis added.)

6. Certain veteran and armed forces benefits.

7. Certain insurance proceeds.

8. Such other exemptions as may be provided by law.

The bank asserts that the I.R.A. of Rosenfield is not protected from execution of a judgment creditor and premises its argument upon the Bankruptcy Reform Act of 1978 (11 U.S.C. §101, et seq.) and cases decided thereunder.

Plaintiff has cited several cases from the bankruptcy courts to support its position. Rosenfield pos-

tures that the provisions of the Internal Revenue Code allows him to establish an I.R.A. which is a "retirement fund" and is exempt from execution by a judgment creditor.

I.R.A.'s are established pursuant to the Internal Revenue Code. Individuals are permitted to deduct amounts paid into I.R.A.'s in determining taxable income.[1] Distributions from I.R.A.'s are taxed as ordinary income at the time of distribution.[2] If a distribution is made before the tax payers reaches 59 and one-half years of age, there is an additional tax equal to 10 percent of the distribution.[3]

The intent of the Internal Revenue Code provisions for I.R.A.'s is to permit qualified individuals to enjoy certain tax advantages. Deductions are allowed in the years that contributions are made when marginal income would presumably be taxed at a relatively high rate. When distributions are subsequently made, they are taxed as earned income. At that time the taxpayer will most likely be retired and his marginal tax rate is anticipated to be relatively lower. These provisions reflect a policy encouraging retirement savings. The purpose of the law is to provide retirement security to individuals. See the Employee Retirement Income Security Act of 1974 (ERISA) P.L. 93-406, 3 U.S. Cong. & Adm. News '74-36. p 4639

The pertinent question before this court is whether an I.R.A. is qualified as a pension plan or retirement fund to give it the protection of Pa.R.C.P. 3252(a). As noted above, the bank has cited several cases from the bankruptcy courts, to substantiate its position that I.R.A.'s are not immune from execu-

---

1. 26 U.S.C.A. §219

2. 26 U.S.C.A. §408(d)

3. 26 U.S.C.A. §408(f)

tion. In reviewing those cases, the bankrupt debtors were attempting to keep their I.R.A.'s out of the reach of their creditors. Their contention was that the I.R.A.'s were pension plans and thus exempt from seizure by creditors under section 522 of the Bankruptcy Act.[4]

We note that in reaching their ultimate conclusions, the bankruptcy courts relied on the existence or non-existence of state statutes to guide them. In the case of In Re: Talbert, 15 B.R. 536 (Bkruptcy., W.D., La. (1981), the court reviewed the Louisiana exemption statute. It was said there that the claimant's claim for exemption could only be granted if it fell under the protection of some state provision. After reviewing the statute in question (L.R.S. 20:33) the court held that the claimed I.R.A. exemption did not fall within its purview. The court went on to distinguish an exemptable pension or annuity plan from an I.R.A.

The same result was reached in the case of In Re: Mace, 4 BCD 94 (Bkrptcy.) D. Ore (1978). The court reviewed the Oregon exemption statute (ORS 23:170). The court concluded that this statute did not give the debtor cover under which he could shield himself from his creditors. See also In Re: Kitson, 431 BCD 589 (Bkrptcy. C.D. 111, (1984); In Re: Ferwerda, 424 F.2d 1131 (1970).

The state exemption statutes as interpreted by the bankruptcy courts provided the only provision for pension plan exemption from execution. While the judgment debtors were arguing that their I.R.A.'s, for the purpose of exemption from execution, were pension plans, the bankruptcy courts held that I.R.A.'s were not the equivalent of a pen-

---

4. 11 U.S.C.A. §522

sion for the purposes of exemption and denied their claims.

Some of the courts interpreted the statutes in the traditional sense that only an "employer" could establish a pension plan. They reasoned that a self-employed person could not be an "employee" in the usual sense of being employed. In Re: Ferwerda, supra. Others were concerned with the discretion that depositor could have over the I.R.A. account. In Re: Tolbert, supra.

This tribunal does not contest the holdings of the bankruptcy court, but is of the opinion that they are not controlling on the issue at hand. In accordance with those holdings, this court interprets the decisions as indicating that the only way to have an I.R.A. exempted is to have a state law which specifically qualifies I.R.A.'s for exempton from execution. The question now becomes whether Pennsylvania offers such statutory protection to debtors? This court concludes that this Commonwealth does.

42 Pa.C.S. §8124(b) states:

"Exemption of particular property

• • •

(b) Retirement funds and accounts.

• • •

"(1) Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment;

"(vii) Any pension or annuity, whether by way of a gratuity or otherwise, granted or paid by any private corporation or employer to a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable.

"(viii) Any retirement or annuity fund of any self-employed person (to the extent of payments thereto

made while solvent, but not execeeding the amount actually excluded or deducted as retirement funding for Federal Income Tax purpose) and the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder."

This statute clarifies what "retirement funds" are exempted from execution by a judgment creditor(s). Clearly enunciated in section (b)(1)(viii), protection from judgment creditors is given to self-employed persons. Pennsylvania clearly makes a distinction between pension plans for employees and retirement funds for self-employed persons. The legislative history from the Employment Retirement Income Security Act, indicates that when a distinction is made between pension plans for employees and retirement funds for self-employed persons, the latter is equivalent to an I.R.A. and the former is a plan for persons employed by another. See the Employment Retirement Income Security Act, 1974 U.S. Code Cong. and Adm. News p.p. 4672, 4675, 4678.

As we asserted earlier, our appellant courts in Pennsylvania have not addressed this specific issue. The case cited by defendant, Hopkinson v. Hopkinson, 323 Pa. Super. 404, 470 A.2d 981 (1984), involved a pension fund and profit sharing plan. The Superior Court held that such a fund was not exempt from garnishment under the section 1056(d) of the Employee Retirement Income Security Act,[5] where the garnishee was the former wife of the beneficiary of the pension plan. The court held that pension and profit sharing plans are garnishable for the purpose of fulfilling a support obligation.

---

5. 29 U.S.C. §1056(d)

The court did say that the types of statutes such as 42 Pa.C.S. §8124(b) were specifically drawn to protect the beneficiary's family so he (or she) could not voluntarily or by means of creditor judgments dissipate the assets and leave his family without means of support. Citing Magrini v. Magrini, 263 Pa. Super. 366, 398 A.2d 179 (1979).

This issue was met head on in our sister jurisdiction of the United States District Court for the Western District of Pennsylvania in the case of Marine Midland Bank v. Surfbelt, Inc., et al., 532 F. Supp. 728 (1982). In that case the Marine Midland Bank recovered a judgment against one John H. Miller. Marine Midland garnisheed Miller's I.R.A. account at the McKeesport National Bank, Miller claimed an exemption from execution under 42 Pa.C.S. §8124(b)(1)(viii). Marine Midland contended the exemption could not be claimed because the guaranty agreement upon which Miller's Liability was predicated was governed by New York law and the New York law provided no exemption for individual retirement funds comparable to 42 Pa.C.S. §8124(b)(1)(viii).

The court, after applying the general rule that exemption laws pertain to the remedy only and the law of the forum governs questions of exemption, found that Pennsylvania law applied. The court noted that the exemption in question came as a result of an amendment enacted by the legislature in 1978. This was pertinent because Midland averred that because the agreement was entered into prior to the effective date of the amendment, Pennsylvania's prior exemption law should apply which did not give an exemption from individual retirement funds.[6]

---

6. Act of May 3, 1917, P.L. 112 §1 as amended, 40 P.S. §515

The court dismissed this contention and found that Miller was entitled to claim the exemption. The court said that exemption laws are to be liberally construed to effectuate their beneficient purposes.

The court stated:

". . . the Bank either knew or should have known *that Pennsylvania's newly enacted exemption would place individual retirement funds beyond the reach of judicial process and could not therefore have expected such funds to be available to satisfy a judgment.* For these reasons, this court concludes Miller is not precluded from asserting claims under 42 Pa.C.S. §8124(b)(1)(viii) if he meets the other requirements of the section. Marine Midland Bank v. Surfbelt, Inc., et al. 532 F. Supp. 728, 730." (Emphasis supplied.)

We concur with this decision. Construing 42 Pa.C.S. §8124(b)(1)(viii) to effectuate its beneficient purpose, this court concludes that individual retirement funds are immune from attachment by judgment creditors. We believe that was the goal of the General Assembly of this Commonwealth when it passed the amendment in 1978, adding an exemption for self-employed persons, which was not there previously. It would appear this was done to help meet the goals of the Employee Retirement Income Security Act.

It was the intent of the legislature to give self-employed persons an opportunity to put money aside and not have creditor judgments dissipate the assets. Surely the purpose of exemption clauses such as §8124(b)(1)(viii) is to prevent the dissipation of one's pension so that he can support his family in the future.

This court holds, therefore, that I.R.A. accounts are retirement funds that are exempt from execution by a judgment creditor in accord with the laws

of Pennsylvania. Accordingly, the account of Rosenfield is protected from attachment by the Industrial Valley Bank & Trust Company. Metropolitan as garnishee is not subject to execution by the judgment creditor, the bank, on the I.R.A. in question.

Plaintiff makes one final assertion that we believe is without merit also. Plaintiff alleges that defendant has not shown that he was solvent at the time he purchased this I.R.A. Plaintiff reaches this conclusion via a novel route.

David Rosenfield is an attorney and was convicted in 1984 of engaging in a multi-million dollar accident insurance fraud. He was convicted of racketeering pursuant to 18 U.S.C. §1961, et seq., known as the RICO statute. As a result of this conviction, the assets of defendant's professional corporation were forfeited to the United States Government.

The bank's position is that when defendant made the loan in question on which the bank has entered judgment, he made the loans with some of the funds that were the subject of defendant's conviction. Because defendant's professional corporation assets have been seized under the RICO statute, defendant is now insolvent, and ergo, was insolvent at the time he made the loan. As we indicated earlier, we find this a novel approach, but unconvincing.

A review of the record and the pleadings in this case show that the actual loan in the amount of $100,000 was not made to defendant, but to the Rosenfield, Azrok, Ring and Benn, P.C. law firm in 1982. Defendant Rosenfield signed the agreement as surety for the payment of the loan. Whatever documentation defendant presented to the bank was sufficient for the bank to advance the money and be satisfied that he was solvent at that time.

Solvency relates to the time of the transaction and a misrepresentation of solvency or financial condition , may constitute actionable fraud. Allen v. Sorehik, 299 Pa. 257, 148 Atl. 25 (1930); Jamestown Iron and Metal Co. v. Knofsky, 291 Pa. 60, 139 Atl. 611 (1927); Miller v. Bargain City U.S.A., 229 F. Supp. 33 (1964). The burden of proof as to fraud rest with the person asserting the fraud. Schecter v. Schecter, 366 Pa. 30, 76 A.2d 753 (1950); Snell v. Com. State Examining Bd., 490 Pa. 277, 416, A.2d 468 (1980).

The I.R.A. in question here is a personal asset of defendant's and not the corporation's. This court concludes that when the loan was made, and defendant became the surety, he was solvent. The fact defendant was subsequently convicted some two years later after the loan was made, would not, in our judgment, make him retroactively insolvent.

We also conclude that the I.R.A. was purchased while defendant was a practicing attorney and he was solvent at that time. Defendant, therefore, qualifies under 42 Pa.C.S. §8124(b)(viii) for the appropriate exemption extended thereunder.

Based upon the foregoing, plaintiff's writ of execution is dismissed and judgment is hereby entered for defendant, and the exemption for his I.R.A. is allowed.