## Bakaric v. Bakaric

*Michael L. Bangs,* for plaintiff.
*Sandra Edwards Gray, for defendant.*

FORNELLI, *J.,* May 23, 1990 — This proceeding arises out of a writ of execution by which plaintiff seeks to garnish an Individual Retirement Account and certain annuities held for defendant by garnishee Protected Home Mutual Life Insurance Company located in the city of Sharon, Mercer County, Pennsylvania. Presently before the court are defendant's preliminary objections which, for the reasons set forth below, are dismissed.

### I

The factual background is not adequately reflected in the record of this case. The briefs of the parties, however, agree as to the following:

"On July 6, 1989, in the Court of Common Pleas of Cumberland County, Pennsylvania, judgment was entered for the plaintiff, Helen L. Bakaric, against defendant, Nicholas G. Bakaric, in the amount of $300,000, plus interest from January 30, 1989. On the same day, plaintiff filed a praecipe for writ of execution against Mr. Bakaric and against Protected Home Mutual Life Insurance Company, garnishee. The Sheriff was instructed to garnish all accounts and funds belonging to Mr. Bakaric in the possession of the garnishee and identified as follows: Individual Retirement Account, policy no. 789068Y, Single Premium Deferred Life Annuity (SPDLA), policy no. 805501, SPDLA policy no. 805502, SPDLA policy no. 805503, and SPDLA policy no. 805504." Defendant's brief at 1. See also, plaintiff's brief at 1.

Pursuant to rule 3141(b) of the Pennsylvania Rules of Civil Procedure, the garnishee elected venue in Mercer County and the writ was transferred to this court from Cumberland County, Pa., on July 24, 1989.[1]

---

1. The writ was originally filed at Cumberland County docket number 1268 Civil 1983. To avoid possible confusion, the current pendency of a similar, collateral proceeding involving the same parties should be noted. In that action Helen L. Bakaric filed a writ of execution in the Court of Common Pleas of Cumberland County, Pa., seeking to garnish the same policies as in the case at bar (IRA 789068Y and SPDLAs 805501, 805502, 805503 and 805504) to satisfy a $4,887 judgment of that court pursuant to a support action. The writ of execution to satisfy the support judgment was docketed in Cumberland County at number 1634 Civil 1988 and was transferred to Mercer County on June 24, 1988, where it was assigned, coincidentally, docket number 70 E.D. 1988.

The dormancy of the matter at 70 E.D. 1988 is presumably due to the value of the subject policies, which was placed at a total of $34,729.52 by Protected Home in its August 8, 1989, answers to plaintiff's interrogatories at 70 E.D. 1989.

On August 15, 1989, defendant filed preliminary objections asserting that the IRA and SPDLAs "are exempt from Execution pursuant to Federal Law, the Internal Revenue Code of 1986, and IRS Regulations." Defendant's preliminary objections to writ of execution and garnishment, paragraph 1. In the alternative should execution be permitted, defendant asserts: "Garnishee should withhold Federal income tax for all payments made to plaintiff from any and all accounts and funds belonging to defendant as required by the Internal Revenue Code of 1986 and IRS Regulations." *Id.*, paragraph 2. In his brief in support of these preliminary objections, defendant argues that both the IRA and the SPDLAs are exempt from execution and garnishment under Pennsylvania law.

In opposition, plaintiff argues that defendant's claim of exemption has been waived. Plaintiff first asserts that the claim of exemption on the basis of federal law and regulations has been waived because "[t]he defendant fail[ed] to cite any federal statute, law or IRS regulation in support of his claim that the IRA or the annuities are exempt from execution." Plaintiff's brief in opposition to defendant's preliminary objections at 2. Plaintiff then contends that defendant has also waived any claim of exemption under Pennsylvania law because, although asserted and argued in defendant's supporting brief, "Pennsylvania law" was not expressly mentioned in the preliminary objections.[2]

Since the combined value of the policies is currently much greater than the $4,887 judgment sought to be satisfied by the writ of execution at 70 E.D. 1988, but less than the $300,000 judgment at 70 E.D. 1989, it is presumed plaintiff is focusing her efforts on obtaining a garnishment of the IRA and four SPDLAs in a single proceeding.

2. Plaintiff does not cite any authority in support of the position that defendant has waived the right to now claim exemption under either federal law or Pennsylvania law.

Plaintiff further argues that the annuities are subject to execution because they are personal property and all personal property is subject to execution unless specifically exempted. Moreover, countering defendant's argument that the cash surrender values of the policies are only optional rights incapable of being garnished,[3] plaintiff asserts that since it is garnishment of the actual policies that is sought, rather than their cash value, execution upon them is possible as well as permissible.[4]

Finally, asserting that the issue is not before the court in this proceeding, plaintiff seeks dismissal of defendant's preliminary objection in the nature of a request that, if the policies are subject to execution, the garnishee be required to withhold amounts in satisfaction of any federal income tax liability which would accrue to defendant as a result of the garnishment.[5]

## II

### (a)

Plaintiff's position that defendant has waived the right to claim exemption of the subject policies is

---

3. See, e.g., *Schmitz v. Schmitz,* 305 Pa. Super. 328, 331, 451 A.2d 555, 556 (1982) ("The general rule in a majority of jurisdictions is that the cash surrender value of a debtor's life insurance policy is merely an optional right which cannot be attached or garnished by a judgment creditor").

4. Plaintiff cites *Gulf Mortgage & Realty Investments v. Alten,* 282 Pa. Super. 230, 422 A.2d 1090 (1980), in support of the proposition that, absent a specific exemption, all personal property is subject to execution. On this basis alone, apparently, plaintiff concludes that the annuities are subject to execution. Plaintiff neither offers nor argues any law specifically rebutting defendant's claim that the annuities are exempt from execution under Pennsylvania law.

5. Plaintiff also argues that defendant's alternative request for federal income tax withholding should be dismissed for failure to cite any support for the proposition. However, plaintiff also fails to cite any authority in support of her opposing position.

not supported by the applicable law. The Pennsylvania Rules of Civil Procedure state: "The defenses of immunity or exemption of property from attachment or a question of jurisdiction over the garnishee may be raised by preliminary objections filed by the defendant or the garnishee." Pa.R.C.P. 3142(a). This rule further provides that "[e]xemption or immunity of property from execution may be raised at any time." Pa.R.C.P. 3142(c). Moreover, even if a defendant fails to raise preliminary objections to a writ of execution, a stay can be obtained on the basis of an exemption:

"(a) Execution shall be stayed as to all or any part of the property of the defendant. . .

"(4) upon a showing of exemption or immunity of property from execution;. . .

"(b) Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing .

"(1) a defect in the writ, levy or service; or

"(2) any other legal or equitable ground therefor. . . .

"(d) The court may on application of any party in interest set aside the writ, service or levy

"(1) for a defect therein;

"(2) upon a showing of exemption or immunity of property from execution, or

"(3) upon any other legal or equitable ground therefor." Pa.R.C.P. 3121(a), (b), and (d).

Thus, it is clear that the Rules of Civil Procedure do not provide for waiver of a defendant's claim of exemption in an attachment of property proceeding. To the contrary, the rules permit a claim of exemption to be raised by any party in interest, or by the

court sua sponte, at any time prior to levy.[6] Therefore, plaintiff's assertion that defendant has waived the right to claim that the policies are exempt from execution is meritless.

Accordingly, consideration will now be given to defendant's claims that the IRA and SPDLAs, which plaintiff seeks to garnish, are exempt from execution and attachment.

### (b)

Pennsylvania law provides for the exemption from execution of certain items of personal property. With regard to IRAs, the Pennsylvania exemption statute provides:

"(b) *Retirement funds and accounts —*

"(1) Except as provided in paragraph (2) [applies only to paragraph (1)(i) through (vi)], the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

. . .

"(viii) Any retirement or annuity fund of any self-employed person (to the extent of payments thereto made while solvent, but not exceeding the amount actually excluded or deducted as retirement funding for federal income tax purposes) and the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder." 42 Pa.C.S. §8124(b)(1)(viii).

Therefore, IRA 789068Y is exempt from execution if it qualifies under 42 Pa.C.S. §8124(b) (1)(viii). See also, *Industrial Valley Bank & Trust*

---

6. It is also possible that a claim of exemption may be initially raised by a garnishee on appeal or by post-judgment motions to open or strike. 9 Goodrich-Amram 2d §3142(c):1.1 n. 46.

*Co. v. Rosenfield,* 37 D.&C. 3d 621 (1985); *Marine Midland Bank v. Surfbelt Inc.,* 532 F.Supp. 728 (W.D. Pa. 1982).

To date, however, a copy of the subject IRA has not been made a part of the record in this matter.[7] The record also fails to include, in either the pleadings or in the form of affidavits, any factual averments by defendant capable of supporting a conclusive determination that the IRA is exempt from garnishment. Consequently, no determination can presently be made as to whether the IRA satisfies the statutory requirements to qualify for exemption.

A similar situation was presented in *Estate of Zeitchick v. Zeitchick,* 215 Pa. Super. 106, 257 A.2d 371 (1969). In that case, the Superior Court reviewed the lower court's dismissal of a writ of attachment execution on life insurance policies which had been taken out by the defendant's deceased father on his own life and which provided for periodic payments to the defendant rather than a lump sum payment. Defendant filed preliminary objections, which the lower court sustained, claiming exemption on the basis of spendthrift provisions contained in the policies. *Id.* at 107-9, 257 A.2d at 372-3. The Superior Court reversed and remanded because "the actual language contained in the insurance policies was never made part of the record. The only reference to the spendthrift clause

7. Defendant did attach a copy of the IRA, as well as the four SPDLAs, to his brief in support of preliminary objections to the writ of execution. However, the brief is not a pleading and is not filed as a part of the record; it is neither verified nor subject to exceptions of opposing parties. Such "speaking briefs" do not comport with the rules of civil procedure and any factual averments set forth therein of exhibits attached thereto are not a part of the record upon which the court must base its decision.

is contained in the answers to interrogatories which, apparently, merely paraphrase the language of the policies themselves." *Id.* at 109, 257 A.2d at 273.

More specifically, in the instant case, there is no express statement of record as to amounts "actually excluded or deducted as retirement funding for Federal income tax purposes" pursuant to the requirement of 42 Pa.C.S. §8124(b)(1)(viii).[8] This same deficiency was presented to the district court in *Surfbelt Inc.,* 532 F.Supp. at 730. There, defendant claimed exemption under Pennsylvania law of an IRA garnished by plaintiff. The district court found that the record as it then stood failed to contain proof of actual exclusion or deduction from defendant's federal income tax of amounts contributed to the IRA and, absent such evidentiary foundation, determined that it could not dispose of the matter. *Id.* at 730.

---

8. Protected Home's answers to plaintiff's interrogatories, filed November 7, 1989, does indicate the dates and amounts of defendant's contributions to IRA 789068Y. However, this information merely indicates that such amounts *could* have been deducted for federal income tax purposes, not that they actually were as required by 42 Pa.C.S. §8124(b)(1)(viii). Plaintiff's deposition of defendant, the transcript of which was filed on November 6, 1989, also fails to indicate whether defendant's contributions to the IRA were actually excluded or deducted for federal income tax purposes. At the deposition, plaintiff was sure that he was self-employed when he made the contributions to the IRA, but seemed to know or remember little else regarding these contributions (defendant could not recall the number of contributions made to the IRA, the yearly amounts contributed or even the total amount contributed). Moreover, although waiving objections to the deposition's reading, signing, sealing and certification, the parties expressly stipulated that "all objections, except as to the form of the question, are reserved to the time of trial." Deposition of Nicholas G. Bakaric at 3.

Accordingly, in the instant case, as in *Zeitchick* and *Surfbelt,* the record does not provide an adequate evidentiary basis to support a determination the IRA 789068Y is exempt from execution and attachment under 42 Pa.C.S. §8124(b)(1)(viii).

*(c)*

Certain insurance policies and the proceeds therefrom are also exempt from execution and attachment. The following provisions of the Pennsylvania exemption law are relevant to the SPDLAs in the instant case:

"(c) *Insurance proceeds* — The following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment:. . .

"(3) Any policy or contract of insurance or annuity issued to a solvent insured who is the beneficiary thereof, except any part thereof exceeding an income or return of $100 per month.

"(4) Any amount of proceeds retained by the insurer at maturity or otherwise under the terms of an annuity or policy of life insurance if the policy or a supplemental agreement provides that such proceeds and the income therefrom shall not be assignable. . . .

"(6) The net amount payable under any annuity contract or policy of life insurance made for the benefit of or assigned to the spouse, children or dependent relative of the insured, whether or not the right to change the beneficiary is reserved by or permitted to the insured. The preceding sentence shall not be applicable to the extent the judgment debtor is such spouse, child or other relative." 42 Pa.C.S. §8124(c)(3), (4) and (6).

Assuming one or more of these subparagraphs provide the basis for defendant's claim of exemption,[9] a determination of whether the SPDLAs qualify for exemption thereunder cannot be made on the present state of the record.

Copies of the four subject SPDLAs, verified to be correct and complete, have not been made a part of the record in this matter.[10] A copy of SPDLA 805501 and its face sheet, as well as the face sheets from SPDLAs 805502, 805503 and 805504, were attached by plaintiff as exhibits to the deposition of Nicholas G. Bakaric. These exhibits indicate that as to the four SPDLAs, the owner and primary beneficiary is Nicholas G. Bakaric; the annuitant is Victoria Mahoney, the daughter of Nicholas G. Bakaric; and the contingent beneficiary is Helen Bakaric. However, these exhibits do not provide an adequate basis for determining whether the four SPDLAs currently qualify for exemption under 42

---

9. Defendant fails to specify upon which subparagraph(s) of 42 Pa.C.S. §8124(c) he bases his claim of exemption for the SPDLAs. Indeed, defendant never discusses or cites section 8124(c) at all. Defendant's argument supporting his claim that the SPDLAs are exempt from garnishment focuses entirely upon the issue of whether the cash surrender value of the annuities is subject to garnishment and fails to expressly set forth the statutory basis for the actual claim of exemption. The sole authoritative basis proffered by defendant in support of his claim of exemption for the SPDLAs consists of the following citations: *Schmitz v. Schmitz,* 305 Pa. Super. 328, 451 A.2d 555 (1982); *Taylor v. Taylor,* 36 D.&C. 320 (1940); *Commonwealth v. Gault,* 21 D.&C. 420 (1933); *Gordy v. Buscillo,* 18 D.&C. 224 (1932).

10. Defendant did attach copies of the four SPDLA's to his brief in support of preliminary objections to the writ of execution. As previously noted, however, these copies are not a part of the record and do not provide a basis for the court's determination of the issues now before it. See note 7, *supra.*

Pa.C.S. §8124(c)(3), (4) and (6).[11] They are incomplete, unverified and subject to exception.

Accordingly, the evidentiary basis currently provided by the record in this case is inadequate to determine whether SPDLAs 805501, 805502, 805503 and 805504 qualify for exemption from execution and attachment under 42 Pa.C.S. §8124(c)(3), (4) and (6).

*(d)*

Defendant's second preliminary objection is presented as an alternative to the first, in the event and to the extent that the subject IRA and SPDLAs are determined not to be exempt from execution and attachment. By his second preliminary objection, defendant requests that this court order the garnishee to withhold 28 percent of any amounts of the subject policies determined to be subject to garnishment by plaintiff. The purpose of the withholding would be to satisfy any federal income tax liability accruing to the defendant as a result of the garnishment.

Federal income tax liability and withholding requirements are totally extrinsic and immaterial. The issue before this court is whether the subject policies can be garnished by plaintiff pursuant to the instant writ of execution. Should the policies be determined to be subject to garnishment, any resultant federal income tax liability would arise independently out of federal law and regulations as would any related obligation to withhold.

Defendant has failed to present any authoritative support for the proposition that federal income tax

11. The record even fails to state whether Nicholas G. Bakaric and Helen L. Bakaric are divorced or still married. Although the current marital status of plaintiff and defendant may not be a determinative factor in this matter, it is nonetheless relevant to section 8124(c) analysis.

liabilities and withholding obligations are issues to be considered by this court in the matter now before it. Accordingly, defendant's second preliminary objection fails to present an appropriate issue for the court's determination in this writ of execution proceeding.

## III

In conclusion, on the present state of the record this court is unable to determine whether the subject IRA and SPDLAs are exempt from garnishment under the Pennsylvania exemption statute. Moreover, defendant's request, in the event the policies are determined to be subject to garnishment, that the garnishee make withholding for defendant's potential federal income tax liability is not an issue properly before this court for determination.[12]

Hence, this

## ORDER

And now, May 23, 1990, defendant's preliminary objections to the writ of execution are dismissed.

---

12 This court has through the course of its opinion and footnotes documented inadequacies in the record and briefs and the impropriety of the attempted supplements to the record. It is done with hopes that subsequent matters in this litigation will more diligently reflect the proper procedure and law applicable.