**In re Gina L. HIMEL, Debtor.**

**Joseph J. BERNSTEIN, Trustee, Movant,**

**v.**

**Gina L. HIMEL, Respondent.**

**Bankruptcy No. 95–22917–BM.**
**Motion No. 95–1876M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 20, 1995.

Joseph J. Bernstein, Chapter 7 Trustee, Bernstein and Bernstein, P.C., Pittsburgh, PA.

Paul M. Daniels, Pittsburgh, PA, for debtor Gina L. Himel.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The chapter 7 trustee has objected to an exemption claimed by debtor in the cash surrender value of an insurance policy she purchased insuring the life of her husband. He asserts that the Pennsylvania statute upon which the claimed exemption is based does not apply to the cash surrender value of a life insurance policy.

In accordance with the analysis set forth below, we will overrule the objection and allow the claimed exemption.

### -I-

### FACTS

The pertinent facts in this matter are relatively simple and straightforward.

Debtor filed a voluntary chapter 7 petition on August 2, 1995. A chapter 7 trustee was appointed the next day. The schedules appended to the petition indicate that debtor's assets have a declared value of $10,381.00 and that her liabilities total $12,458.56. All but $724.24 of the debt is owed to general unsecured creditors.

Amended Schedule B, Personal Property, lists a $75,000.00 insurance policy owned by the debtor insuring the life of her husband, who is not a debtor in this court. The de-

clared cash surrender value of the life insurance policy is $6,458.00.

In accordance with the provisions of 11 U.S.C. § 522(b)(2)(A)[1], debtor elected to claim various exemptions pursuant to Pennsylvania law. On amended Schedule C, Exemptions, debtor claimed an exemption in the entire cash surrender value of the life insurance policy. The basis for the exemption is 42 Pa.C.S.A. § 8124(c)(4).

The meeting of creditors was held pursuant to 11 U.S.C. § 341(a) on October 17, 1995. The chapter 7 trustee objected on October 26, 1995 to the above exemption claimed by debtor.

A hearing was held on November 28, 1995, on the trustee's objection to debtor's claimed exemption.[2]

### -II-

### DISCUSSION

The chapter 7 trustee objects to the above claimed exemption on two grounds. He first objects that the cash surrender value of the life insurance policy is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). In addition, he asserts that 42 Pa.C.S.A. § 8124(c)(4) does not provide debtor with a "valid exemption". Although this provision applies to proceeds of life insurance policies, he argues, it does not allow for the exemption of the cash surrender value of a life insurance policy.

We shall address these objections in order.

---

1. The Code provision reads as follows:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize, or, in the alternative, (2)(A) any property that is exempt under Federal law, other than under subsection (d) of this section, or State or local law that is

applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place....

2. Debtor's counsel stated on the record at the hearing that the declared value of the cash surrender value of the insurance policy stated on amended Schedule B was in error and that its value was slightly less than nineteen hundred dollars.

### A.) Is The Cash Surrender Value Of The Life Insurance Policy Property Of The Bankruptcy Estate?[3]

When debtor filed a bankruptcy petition, virtually all of her property became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), which defines "property of the estate" broadly to include all of the debtor's interests, either legal or equitable. *See U.S.A. v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). An interest does not lie outside the scope of this provision because it is novel or contingent or because its enjoyment is postponed. *See Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). All conceivable interests of a debtor, even those that are future, nonpossessory, contingent, speculative, or derivative, lie within the scope of § 541. *See Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir.1993).

An unmatured life insurance policy, even though it has not matured, has no cash surrender value, and is otherwise contingent, is property of the bankruptcy estate. *See Estate of Lellock*, 811 F.2d 186, 189 (3d Cir. 1987). It would seem to follow *pari ratione*. that any cash surrender value the policy has also is estate property.

This determination does not end our analysis. Some property in which the debtor had an interest as of the filing of the bankruptcy petition may be "removed" from the scope of the bankruptcy estate. It may be **excluded** from the bankruptcy estate pursuant to 11 U.S.C. § 541(b) or **exempted** under 11 U.S.C. § 522(b). *See Yonikus*, 996 F.2d at 869. By claiming property as exempt, the debtor prevents its distribution to satisfy creditors. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992).

Unless the bankruptcy case is dismissed, property exempted under § 522(b) of the Bankruptcy Code is not liable during or after the case for any prepetition claim, except for tax, alimony, maintenance, or support claims that are excepted from discharge. *See* 11 U.S.C. § 522(c); *also* H.R.Rep. No. 595, 95th

Cong., 1st Sess., 361 (1977); *also* S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978) U.S.Code Cong. & Admin.News 1978 pp. 5787, 5861, 5862, 6316, 6317.

Adjudication of the trustee's objection requires us to determine whether or not 42 Pa.C.S.A. § 8124(c)(4) applies to the cash surrender value of an unmatured life insurance policy and places it beyond the reach of judgment creditors.

### B.) Does 42 Pa.C.S.A. § 8124(c)(4) Apply To The Cash Surrender Value Of A Life Insurance Policy?

The exemption claimed by debtor is based upon the following provision:

(c) **Insurance proceeds.**—The following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment—. . . .

> (4) Any amount of proceeds retained by the insurer or otherwise under the terms of an annuity or policy of life insurance if the policy or a supplemental agreement provides that such proceeds and the income therefrom shall not be assignable. . . .

42 Pa.C.S.A. § 8124 (Purdon's 1982).

The chapter 7 trustee, as the objecting party, has the burden of establishing that the exemption is not properly claimed. *See* Federal Rule of Bankruptcy Procedure 4003(c).

As we have indicated, the chapter 7 trustee asserts that this provision does not apply here. While it undoubtedly allows for the exemption of "proceeds", he argues, it does not apply to the "cash surrender value" of a life insurance policy. This contention is without merit.

The only Pennsylvania case to address this issue of which we are aware held that the cash surrender value of a life insurance policy falls within the scope of § 8124(c)(4). *See Schmitz v. Schmitz*, 305 Pa.Super. 328, 331–32, 451 A.2d 555, 556–57 (1982). Accordingly, it is exempt from execution by judgment creditors such as the trustee, a hypothetical judgment creditor, and may not be utilized to

---

**3.** It is not clear whether the trustee intends for his statement that the cash surrender value of the life insurance policy is property of the bankruptcy estate to serve as an objection or as a conclusion of law. Out of an abundance of caution, we shall treat it as an objection.

satisfy debtor's liability to them. We see no reason and have no authority to tamper with this ruling.

Consequently, it would seem to follow that the cash surrender value of the above life insurance policy lies beyond the trustee's reach and may not be utilized to make distribution to debtor's creditors.